170 So. 487

### Ex parte STROCK.
### 5 Div. 7.

Court of Appeals of Alabama.

June 30, 1936.

Rehearing Denied Oct. 6, 1936.

Reynolds & Reynolds, of Clanton, for petitioner.

256

L. H. Ellis, of Columbiana, Raymond P. Mims, of Tuscaloosa, and Clifford Reeves, of Birmingham, for respondents.

SAMFORD, Judge.

A statement of the facts necessary to a decision of this case is as follows: A suit in assumpsit was filed by J. Z. Mims against Dr. C. S. Strock. On March 4, 1935, a judgment was entered in favor of the plaintiff and against the defendant in the circuit court for $100 and costs of suit, said judgment being entered "by consent." This amount was paid into the court by the defendant in satisfaction of the judgment. On April 2, 1935, the plaintiff, in person, filed a motion for a new trial in the cause and called the same to the attention of the judge of the circuit court, who indorsed thereon the following: "The within motion was presented me on this the 3rd day of April, 1935, and continued for hearing by me to and including the 15th day of May, 1935," and signed by the judge. A copy of this motion was duly served on the defendant, Strock, on April 8, 1935. Following the above, there was entered this order: "The within motion was called to the attention of the Court on this the 15th day of

May, 1935, and was continued for hearing to and including the 1st day of June, 1935," and signed by the judge.

The next notation on the original motion is as follows: "The above motion is this day continued to and including July 31st, 1935. Signed, Arthur Glover, Judge." It will be noted that this last order is not dated, nor is there anything in the record to indicate upon what date the order was made.

On July 31, 1935, another order was entered on the motion, continuing the hearing to November 9, 1935.

It appears from the various affidavits filed in this cause that during the year 1935 no special time was fixed for the hearings of motions for new trials in the circuit court of Chilton county, and that the usual custom followed by the court and the attorneys was to take up these motions by agreement or by giving notice to the opposite parties. Following this custom, notice was served upon the defendant that the motion would be taken up for hearing on September 19, 1935, upon which date, Judge Glover, the regular judge of the circuit court, recused himself and the Honorable Felix L. Smith was appointed as special judge to hear the motion. At which time, the defendant entered a special appearance for the purpose of objecting to the court's proceeding further with the case, upon the ground that the court had no authority to proceed with the motion, in that, the cause of action had been discontinued by reason of the fact that the motion was continued to June 1, 1935, and that there was no order made or entered on June 1st, or prior thereto, continuing said motion for hearing to any date subsequent to said June 1st. The court entered upon the trial docket the following: "9/19/35. Special appearance made by Reynolds and Reynolds, as attorneys for Dr. C. S. Strock, they appearing for the purpose of objecting to all proceedings in this cause. Felix L. Smith, Special Judge."

The court thereupon, over the objection of defendant, granted the motion and set aside the judgment entered by consent on March 4, 1935, which order is as follows: "9/19/35. It is ordered and adjudged by the Court that the motion filed herein be and the same is hereby granted. Judgment is set aside and cause reinstated to the docket. It is further ordered that the Clerk of the Circuit Court of

Chilton County pay to the defendant, Dr. C. S. Strock, the amount of the judgment so set aside, to-wit: one hundred dollars, together with the cost of court so paid in. Felix L. Smith, Special Judge."

After the entering of the judgment setting aside the judgment of March 4th, and ordering the repayment of the $100 and costs to the defendant, it satisfactorily appears from the pleadings and affidavits in the instant case that the petitioner here, defendant there, demanded and received the $100 and costs included in the order.

After the reinstatement of the original case on the docket of the circuit court and over the protests and proper pleas of the defendant, the cause proceeded to trial before a jury, resulting in a judgment for the defendant, after which motion was made by the plaintiff to set aside that judgment on various grounds therein stated and not necessary here to set out.

Upon the hearing of this last motion, the defendant again, by proper objection and pleading, raises the question as to the jurisdiction of the circuit court to again try the case, contending that the court had lost jurisdiction of the original case by reason of the fact that the motion for new trial in the original case had not been regularly continued as required by section 6670 of the Code of 1923.

It satisfactorily appears from the pleadings and the affidavits in this case that the undated order attempting to continue the hearing of the original motion from June 1 to July 31, 1935, was not made and entered on the 1st day of June or at any date prior thereto in such manner as to retain the jurisdiction of the court and, therefore, the case comes squarely within the influence of the decision of this court in Mt. Vernon-Woodberry Mills v. Union Springs Guano Co., 26 Ala.App. 136, 155 So. 710, certiorari denied, 229 Ala. 91, 155 So. 716.

If these were all the facts as disclosed in this case, we would be forced to hold that all of the orders of the circuit court of Chilton county made subsequent to the 1st day of June, 1935, are void and without effect for the reason that, under the statute heretofore cited and all of the decisions on the question, the court had lost jurisdiction to proceed further with the trial of the case.

However, it also appears that after defendant had preserved his rights by special appearance at the hearing of the original motion and by proper pleadings on the trial of the cause in December, 1935, he, after the order of restoration made by Felix L. Smith, special judge, demanded and accepted the result of said judgment. By this action, he, in effect, comes within the rule which holds him to a waiver of the discontinuance and by his participation in the results of the judgment setting aside the judgment by consent and ordering a restoration has the effect of consenting to the rendition of said judgment and comes within the principle announced in Chilton v. Gurganus, 218 Ala. 145, 117 So. 655; McCarver v. Doe ex dem. Herzberg, 135 Ala. 542, 33 So. 486.

Moreover, it appears from the record in this case that after the setting aside of the original consent judgment, the cause went to trial and was decided favorably to the defendant and a subsequent motion was made by the plaintiff to set aside the second judgment on November 27, 1935, and regularly continued until December 18, 1935, and this petition was not filed in this court until March 24, 1936.

It would appear, therefore, that the defendant is undertaking to speculate upon the result of the second trial, which cannot be allowed. The court may, in the exercise of its discretion, deny an application for mandamus made after an unreasonable delay, and we are constrained to hold that the defendant having permitted the second trial of this cause without invoking his rights in the premises has caused him to be guilty of such laches as would prevent the issuance of the writ prayed for.

The writ of mandamus is denied.

Writ denied.