231 So.2d 134

**CULLMAN CITY BOARD OF EDUCATION**

v.

**Mrs. Evelyn BUCHANON.**

6 Div. 23.

Court of Civil Appeals of Alabama.

Dec. 15, 1969.

Rehearing Denied Jan. 5, 1970.

James F. Berry, Cullman, for appellant.

Lewis H. West, Decatur, for appellee.

THAGARD, Judge.

The appellee, Evelyn Buchanon, was employed as an elementary teacher by the Cullman City Board of Education during the year 1966–67, and taught in the fourth grade of the East Elementary School of the City School System, in which school she had taught the fourth grade for about 24 years.

On May 27, 1967, she received a letter over the signature of the City Superintendent of Schools saying that, for certain administrative reasons therein set out, she was being transferred to the Cullman Junior High School for the 1967–1968 school year, there to teach the sixth grade.

On May 29, 1967, Mrs. Buchanon requested in writing a hearing on the proposed transfer. On June 1, 1967, the chairman of the board acknowledged receipt of Mrs. Buchanon's letter and informed her that she would be given a hearing by the board on June 12, 1967, at 7:30 P.M. in the office of the City Superintendent.

The hearing was held as scheduled and after the taking of the testimony was recessed until June 14, 1967, at which time a written decision was to be rendered. On June 14, 1967, the board met in open meeting and rendered its decision that Mrs. Buchanon be transferred in accordance with the previous notice given her.

Thereafter, Mrs. Buchanon appealed from the ruling of the Board of Education to the State Tenure Commission, as provided for by Title 52, Sec. 357, of the 1958 Recompiled Code of Alabama. The State Tenure Commission heard the appeal on August 1, 1967, and made an order on that day affirming and sustaining the action of the Board of Education in ordering the transfer.

On January 6, 1969, Mrs. Buchanon filed a petition in the Circuit Court of Cullman County, Alabama, for a review of the action of the State Tenure Commission and of the Board of Education and for a writ of mandamus. The prayer of the petition was silent as to who were to be made respondents to the petition or to whom the proposed writ of mandamus was to be directed, but the trial court made an order dated February 5, 1969, setting the petition down for a hearing on February 14, 1969, and ordering the clerk to have copies of the petition served on "each defendant named in the petition" by the sheriff. Copies of the petition and order-setting-date were served on Dr. Arthur Dennis, City Superintendent of Schools, and on Dr. Ernest Stone as Superintendent of Department of Education.

On February 5, 1969, the trial court made another order to the effect that the petitioner was entitled to the issuance of "the Alternate (sic) Writ of Mandamus or Rule Nisi as prayed" and ordering the clerk to issue the same returnable on February 14, 1969. Thereupon, the clerk issued the alternative writ directed to the *State Tenure Commission* and the *City School Board* commanding them to appear on February 24, 1969, and show cause, etc. Copies of the writ were served on Dr. Arthur W. Dennis, City Superintendent and Dr. Ernest Stone, State Superintendent of Education.

Evidently, service of a copy of the petition and of the summons and alternative writ was had on Dr. Stone on the theory that he was either an ex officio officer or member of the State Tenure Commission, but by statute he is neither an officer, member nor employee of the commission. His sole connection with the commission is the power to appoint two members thereof, Title 52, Sec. 361(5), p. 54 of the 1967 *Pocket Part of the 1958 Recompiled Code of Alabama.* No service was had on any member, official, agent or employee of the State Tenure Commission, and the Tenure Commission made no appearance.

The City Board of Education filed an answer denying the allegations of the petition and went to trial without complaining that the Tenure Commission had not been brought into court. The court rendered a judgment granting the writ as against the City Board of Education and ordering the

board to set aside the transfer of Mrs. Buchanon and to reinstate her as the fourth grade teacher at Cullman East Elementary School. From this judgment of the trial court and the judgment overruling appellant's motion for a new trial this appeal is prosecuted.

 Almost all of the grounds of the motion for a new trial have to do with the fact that the judgment granting the writ was rendered against the School Board, even though service was never had on the State Tenure Commission. We do not find in the transcript that appellant made this point before entering upon the hearing. And the general rule is that the trial court will not be put in error for matters not called to his attention before or during the trial.

 On the other hand, we feel that the judgment in this case should be reversed because in our opinion the suit should not have been maintained against the City Board of Education but against the State Tenure Commission only. Title 52, Sec. 361 of the 1958 Recompiled Code of Alabama reads as follows:

"Finality of action of state tenure commission; review.—The action of the state tenure commission in reviewing transfers of teachers or cancellation of teacher contracts, if made in compliance with the provisions of this chapter, and unless unjust, shall be final and conclusive. Whether such action complies with the provisions of this chapter and whether such action is unjust, may be reviewed by petition for mandamus filed in the circuit court of the county where said school system is located. (1953, p. 1044, appvd. Sept. 16, 1953.)"

We think that by creating the State Tenure Commission the Legislature intended to set it up as an intervening agency between the board of education and the aggrieved teacher or between the aggrieved board of education and the teacher, as the case may be, and that the review provided for by the above quoted statute was of the findings of the State Tenure Commission on appeals from boards of education and not for a direct review of the action of the boards of education. Therefore, in this case only the State Tenure Commission should have been named as the sole respondent and relief should have been granted against the Tenure Commission only, and, if granted, the writ should have directed the Tenure Commission to vacate its order affirming the action of the Board of Education and reverse the action of said board.

Since the trial court had jurisdiction of the subject matter and of the respondent City Board of Education, we conclude that the judgment of the trial court was not void, but that the same should be reversed as to respondent City Board of Education, because it purported to review the action of the Board of Education instead of the ruling of the State Tenure Commission as intended by the statute.

 We conclude, too, that the trial court should not have taken jurisdiction because of obvious laches on the part of the appellee. As shown in the chronology of the case at the outset of this opinion the State Tenure Commission made its order of affirmance on August 1, 1967, and the petition for the writ was filed some seventeen months later on, to-wit: January 6, 1969. While we find no statutory time limit for filing the application for the writ, the general rule seems to be that the "application must be made within a reasonable time after the alleged default or neglect of duty, and if not seasonably made, the delay may afford sufficient cause for its denial, particularly when the delay has been prejudicial to the rights of the respondent". In this case the Tenure Commission made its ruling on August 1, 1967, about a month before the beginning of the 1967–68 school year, and the application for the writ was filed on January 6, 1969, and the judgment rendered on March 13, 1969, more than half-way of the 1968–69 school year. That the ruling at that late date and while a new school year was in progress was preju-

dicial to the rights of the respondent is too clear for argument. We think the trial court, of its own motion and in the public interest, should have dismissed the petition on the ground that it was not seasonably filed. See 35 Am.Jur., Sec. 312, p. 65; also Ex parte Strock, 27 Ala.App. 255, 170 So. 487.

Reversed and rendered.