This is an appeal from the denial of a writ of mandamus by the Circuit Court of Randolph County, Alabama. We affirm.
This matter arose as follows: Madge Bramlett, a tenured teacher, employed by the Randolph County Board of Education, received written notice on August 22, 1975, from the Board that she was assigned to teach seventh and ninth grade English in the 1975-76 school year. She had previously taught tenth and twelfth grade English in the same school.
On August 26, 1975, Bramlett requested in writing a hearing under the provisions of Title 52, Sec. 356 (Teacher Tenure Act). The Board failed to provide a hearing. Bramlett filed a direct appeal to the Alabama State Tenure Commission as permitted by Title 52, Sec. 361 (9). After hearing, the commission found that it was without jurisdiction to consider the appeal because the action of the school board was not a transfer within the meaning of Title 52, Sec. 355.
Petition for writ of mandamus to be directed to the Tenure Commission was denied by the circuit court. Appeal was taken from such denial to this court.
The single issue is essentially whether Bramlett was transferred by the Board of Education for the year 1975-1976 within the provisions of Title 52, Sec. 355. That statute is as follows:
 "Transfer of teacher. — Any teacher on continuing service status, upon the recommendation of the superintendent and the approval of the employing board of education, may be transferred for any succeeding year from one position, school, or grade to another by being given written notice of such intention to transfer by the employing board, except that such transfer shall be without loss of status or violation of contract, and such transfer *Page 729 
may not be for political or personal reasons."
The meaning of the word "grade" as it appears in the statute, when considered in light of the facts of this case, provides the resolution of the issue.
The commission determined that the acts of the Board of Education in changing Bramlett from teaching tenth and twelfth grade English to teaching seventh and ninth grade English was not a transfer within the meaning of the statute but was merely a reassignment in the same school. Thus, there was no right to hearing under Sec. 356 of Title 52, nor right to appeal to the Commission under Sec. 361 (9). The circuit court refused to consider the finding of the Commission upon mandamus.
We find the meaning of the word "grade" to be what it customarily means in the schools and educational systems of the state. We are cited to no case in this or any other jurisdiction which is remotely helpful. It does not appear reasonable to search for a strained or exotic meaning for the word "grade" used by the legislature. We know of no use, nor are we cited to any, of the term "grade" in our educational system except to designate a level of attainment. A "grade" relative to perfection is attained upon an examination. A "grade" indicative of the level of study is attained in the system. The latter "grade" is that referred to in the statute. It clearly is not the first.
Counsel for the Commission argues that the decision of that body should be given special weight because it possesses a particular expertise in the field of education. The premise of expertise in the special area of education may be conceded without concession of expertise in the construction or interpretation of the acts of the legislature. That specialty must be conceded to the judiciary and in the last instance to the appellate courts.
We do not believe that the case of Loehr v. Board ofEducation, 12 Cal.App. 671, 108 P. 325 (1910), cited by the Commission has relevance to our statute. It appears that the statutes of California gave a specific meaning of the word "grade", relating it to types of teaching certificates. There is no comparable statutory reference in our law. The individual boards of education in Alabama have nothing whatever to do with certification of teachers. That is done by the State Board of Education. Title 52, Sec. 20, Code.
It must follow that the legislature knew that a county board of education had no authority to affect the grade of a teacher's certificate, even if there is a graded certificate. (Such is not in evidence.)
The Commission appears to consider that the application of the provisions of the transfer statutes to a mere change from teaching at one grade level to another in a school would be highly burdensome. We do not see it so.
It is readily understandable that a change of assignment in the same school might be as objectionable to the teacher as would a change to an assignment to another school. It could just as easily be a vehicle for exerting political or personal reasons. It would ordinarily be expected that such change of teaching assignment in the same school, if supported by valid administrative reason, would be completed without resort by the affected teacher to the hearing and appeal procedures of the Teacher Tenure Act. However, if the change is suspected for personal or political reasons, there is no legitimate complaint for the teacher using the procedures provided to secure the reason and have a hearing thereon.
This court has heretofore stated that if the transfer is not for personal or political reasons, reasonable administrative cause is sufficient to sustain a transfer. Tenure Commission v.Anniston City Board of Education, 57 Ala. App. 198,326 So.2d 760 (1976).
We find the Tenure Commission to have jurisdiction to consider Bramlett's appeal under Sec. 361 (9) for the act of the Board of Education of Randolph County was a transfer under Sec. 355. *Page 730 
However, this court must take notice that the appeal to the Commission by Bramlett from the denial of her requested hearing on transfer by the Board was not timely taken. Her petition to the Tenure Commission states that she was notified of transfer on August 22, 1975. She made written demand for hearing on August 26, 1975, within 15 days of notice of transfer, as required by Sec. 356, Title 52, Code. No hearing was granted by the Board within 15 days after receipt of the request. Bramlett did not file her petition for direct appeal to the Commission until subsequent to November 25, 1975, and prior to December 12, 1975, or three months after request for hearing.
Though Sec. 361 (9) fails to specify a time after denial of hearing by the Board for the taking of a direct appeal to the Tenure Commission, construing Sections 356 and 359 in pari materia with 361 (9), the failure to declare denial of hearing cannot toll the time for taking the appeal. Section 356 requires the Board to hold a hearing within 15 days after receipt of demand. If the hearing is held, the teacher has the right to appeal within 15 days after decision of the Board to the Tenure Commission. It cannot be reasonably said that the time for direct appeal to the Commission upon failure of the Board to grant a hearing within 15 days of request is open-ended and without limitation. We construe the statute, Sec. 361 (9), to intend that appeal must be filed directly with the Commission within 15 days after the 15 days for granting the requested hearing have expired without response; i.e., 30 days after receipt of request for hearing.
The Tenure Commission had no jurisdiction to consider an appeal not filed within the statutory time. Alabama PublicService Commission v. McGill, 260 Ala. 361, 71 So.2d 12 (1954). We affirm its dismissal, though not on the grounds stated in the order. We affirm the denial of mandamus of the Circuit Court of Randolph County. Jurisdiction of a body granted limited statutory judicial powers must affirmatively appear from the record. The reviewing court must ex mero motu take cognizance of a lack of jurisdiction of such inferior body apparent from the record. Craig v. Root, 247 Ala. 479,25 So.2d 147 (1946).
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.