WRIGHT, Presiding Judge.
This is a teacher tenure case.
The appellant, Virginia Freeman, was a teacher with continuing service status employed by the Jefferson County Board of Education (the Board) until November 15, 1977, when her contract was terminated by a unanimous vote of the Board. Mrs. Freeman timely filed an appeal to the State Tenure Commission (Commission) which apparently sustained the Board’s action, though the order is not in the record before us. Pursuant to § 16-24-38, Code of Alabama (1975), Mrs. Freeman filed a petition in the Jefferson County Circuit Court seeking a review by statutory writ of mandamus of the action of the Commission. However, the petition filed sought mandamus against the Board. Upon motion by the Board the trial court dismissed the petition but allowed Mrs. Freeman leave to amend. She then filed an amended petition for a writ of mandamus to be directed against the Commission and the Board. The Board again moved to dismiss the petition. The court granted the motion. Mrs. Freeman appeals the dismissal of her petition.
The teacher submits issues and argument as if the petition was denied after consideration on its merits. She never addresses the issue of the legal sufficiency of her petition. We affirm the dismissal of the petition. Thus, the only issue presented by this appeal is whether the trial court erred in dismissing the amended petition. The trial court in its decree stated that “[t]he allegations of the amended petition failed as a matter of law, to meet the requirements necessary to entitle petitioner to relief as prayed.”
The petition for writ of mandamus is the first pleading in an appeal from a decision of the Tenure Commission and must show a prima facie right to the relief sought. Gainer v. Board of Education of Jefferson County, 250 Ala. 256, 33 So.2d 880 (1948). In a teacher tenure case the petition should allege facts from the record which would establish that the action of the Commission did not comply with the provisions of the statute or that such action was unjust under the standard announced by the Alabama Supreme Court in Sumter County Board of Education v. Alabama State Tenure Commission, 352 So.2d 1137 (Ala.1977). § 16-24-38, Code of Alabama (1975). In Sumter County the Supreme Court said that the action of the Commission will not be reversed on appellate review as being unjust unless it is against the preponderance of the evidence and the overwhelming weight of the evidence. Mere conclusions of the petitioner, as distinguished from clearly averred facts, will not suffice and are disregarded in testing the sufficiency of the petition. Clark v. Beverly, 257 Ala. 484, 59 So.2d 810 (1952).
The allegations in the amended petition do not address the failure of the Commission to comply with the statute nor that the action of the Commission was unjust under the Sumter County standard. The relief requested therein is not available under the statute.
A petition for the writ of mandamus authorized by § 16-24-38, should be directed to the State Tenure Commission only. Lamar County Board of Education v. Steedley, 45 Ala.App. 672, 236 So.2d 337 (1970). The petition should request a writ directing the Tenure Commission to vacate *266 its order affirming or reversing the' action of the Board of Education and to enter the appropriate order. Cullman City Board of Education v. Buchanon, 45 Ala.App. 357, 231 So.2d 134 (1970). In this case, the amended petition asked for affirmative action by the Commission and by the Board not authorized by the statute. The petition is directed to both the Board and the Commission and requests a writ directing the Commission to return the record to the Board and to allow either party to supplement the record on the issues of fact raised in the petition. Clearly this was not relief available under § 16-24-38. Cullman City Board of Education v. Buchanon, supra.
The amended petition filed by Mrs. Freeman fails to establish a right to the relief which is appropriate under the statute and the trial court was correct in dismissing the petition. We affirm the trial court’s order.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.