This is a teacher tenure case. It is a combined appeal of judgments below in case No. CV-79-500051-B and case No. CV-79-500043-B.
In 1978, appellants were teachers with continuing service status (tenured) in the Mobile County school system. In the spring of 1978, the Mobile County Board of School Commissioners (Board) submitted a new contract to its teachers containing a provision that "a proficiency test may be required of any teacher to determine his or her mental ability and teacher qualifications." Two of the appellants either obliterated this provision or inserted marginal negative comment beside the provision before signing and returning the contract. The third appellant refused to sign her contract. For some three months thereafter there was correspondence between the teachers and the Board concerning the contract. The teachers at all times maintained their intent to remain as teachers but contended against the new contract provision. At a meeting of the Board on August 23, 1978, the Board found that the teachers had terminated their employment by failing to sign their contracts.
On August 28, 1978, the teachers filed suit in the Mobile County Circuit Court seeking injunctive relief from the termination of their contracts until a hearing before the Board under § 16-24-9, Code of Alabama (1975). The court dismissed the action on September 22, 1978, for failure of the teachers to follow the administrative remedy of appeal directly to the State Tenure Commission provided by § 16-24-37 of the Code. On September 26, 1978, the teachers filed appeals with the State Tenure Commission (Commission) under § 16-24-37.
On November 28, 1978, the Commission, after response from the Board, considered the appeals. It found that the teachers had not resigned their employment and that they were terminated by the Board contrary to the requirements of § 16-24-9. Their dismissal was rescinded by the Commission and the Board ordered to reinstate them.
The Board failed to rescind its order of dismissal and reinstate the teachers. On February 7, 1979, the teachers filed a petition for writ of mandamus in the Mobile Circuit Court requesting enforcement of the Commission's order to the Board. The following day, February 8, 1979, the Board filed a petition for writ of mandamus to review the order of the Commission under § 16-24-38. The court denied the petition of the teachers and granted the petition of the Board. By its judgment of mandamus, the court found that the Commission's proceedings were in compliance with § 16-24-37, but its finding that the teachers did not resign and that the Board dismissed them contrary to the Teacher Tenure Act was erroneous, and thus unjust. Therefore, the Commission was peremptorily directed to set aside and vacate its order of November 28, 1978. From that judgment and order, the teachers and the Commission appeal.
It has been firmly established in recent decisions of our appellate courts that the judgment of the Commission is final. It may not be reversed by the circuit court upon review by mandamus unless the Commission has failed to comply with *Page 1121 
procedural requirements or unless its judgment is so contrary to the preponderance and weight of the evidence as to be unjust. Sumter County Board of Education v. Alabama StateTenure Commission, 352 So.2d 1137, 1139 (Ala. 1977); Alexanderv. Alabama State Tenure Commission, 358 So.2d 1032, 1034
(Ala.Civ.App. 1978).
We have said that the court below found that the Tenure Commission was legally and procedurally correct in considering the appeal of the teachers from their dismissal by the Board under § 16-24-37 of the Code. It is therefore only necessary to determine if the judgment of the Commission that the teachers were dismissed contrary to the provisions of the Teacher Tenure Act is so contrary to the evidence as to be unjust. In order to determine that issue, we must look to the Teacher Tenure Act.
Section 16-24-3 provides that the contract of a teacher who has attained continuing service status shall remain in full force and effect, unless superseded by a new contract signed by both parties or cancelled as provided in § 16-24-9 or §16-24-10. Section 16-24-9 provides, as pertinent here, that an employment contract with a teacher on continuing service status may be cancelled only by the employing board giving notice in writing to the teacher, stating in detail the reason for the proposed cancellation and naming the exact time and place at which the teacher may appear before the Board to answer, etc. Section 16-24-10 provides for appeal from the action of the Board to the Tenure Commission.
The record before the Commission was that the Board considered the teachers had resigned their positions because they refused to sign a new contract containing provisions to which they objected. The Board therefore declared their positions vacant and hired replacements. It was and is the contention of the Board that because the teachers resigned, §16-24-9 did not apply. Perhaps the contention of the Board is legally correct if the teachers did, in fact, resign. We do not decide that question here, for the Commission found from the factual allegations of the petition and the response of the Board that the teachers did not resign. That finding is supported by the record. It is not against the preponderance of the evidence and therefore not unjust. Sumter County Board ofEducation v. Alabama State Tenure Commission, Supra.
It is undisputed that they did not resign in the manner required by § 16-24-11. The Board could not declare them resigned or their positions vacated because they refused to agree to the terms of a new contract. Such action would negate the principle of § 16-24-3 and § 16-24-9 and permit an employing Board to declare vacated the positions of any tenured teachers by imposing upon them contracts with terms to which the teachers could not freely agree. This is not to say that a tenured teacher can with impunity refuse to negotiate a new contract or to sign a new contract proffered by the Board. We do say that in such an instance the Board cannot summarily declare such teacher resigned or her position vacated. Fosterv. Blount County Board of Education, 340 So.2d 751 (Ala. 1976). The Board is not required to continue employment even of tenured teachers who refuse unreasonably, without legal or just cause, to sign a new contract of employment. However, such unreasonable refusal must be shown by proper charge and hearing before the Board in accord with the provisions of the Teacher Tenure Act before cancellation. Title 16, Chap. 24, Code of Alabama (1975).
The Board contends in brief that the teachers' direct appeal to the Commission was untimely and thus the Commission was without jurisdiction to hear the appeal. The contention is based upon statements of this court in the case of Bramlett v.Alabama Tenure Commission, 341 So.2d 727 (Ala.Civ.App. 1977). The statement in Bramlett referred to the transfer statutes. The statutes involved in this case are those relating to cancellation of contracts. The provisions of the statutes are very different and we find Bramlett not applicable. The Board, having failed to file an appeal from the action of the Commission or from the judgment of the court below, has no standing to submit error here. *Page 1122 
Teachers have also appealed from the dismissal of their petition for writ of mandamus to require the Board to comply with the judgment of the Commission. There has been no prosecution of that appeal here. In view of our reversal of the judgment ordering the issuance of the peremptory writ and the further direction to deny the petition, we hopefully presume that the orders of the Commission will be followed by the Board without necessity of mandamus. If not, it would appear that the filing of another petition for mandamus would be appropriate. Mandamus is an appropriate remedy to enforce compliance with a judicial decree. Shirey v. City Board of Education of FortPayne, 266 Ala. 185, 94 So.2d 758 (1957). We therefore dismiss the appeal of the judgment dismissing the teachers' petition for mandamus. Such order does not prejudice another filing under proper circumstances.
Judgment below granting peremptory writ of mandamus is reversed with direction to enter judgment of denial. Appeal of judgment dismissing petition for mandamus filed by the appellants is dismissed for lack of prosecution.
BRADLEY and HOLMES, JJ., concur.