This is a teacher tenure case.
The Mobile County School Board (the Board) cancelled the employment contract of the teacher, Mrs. Mary M. Humphrey. The Alabama State Tenure Commission (the Commission) then reinstated her. On writ of mandamus, the Circuit Court of Mobile County reversed the finding of the Commission and upheld the Board's decision to dismiss the teacher. The Commission *Page 1143 
brings this appeal on behalf of the teacher. We reverse and remand.
The dispositive issue is whether the Board's petition for writ of mandamus should have been barred by laches as being unreasonably late.
The record reveals the teacher was tenured and had taught in the Mobile County public school system for twenty-two years. By letter of July 17, 1978, the Board informed her of its intention to cancel her contract. The notice set forth the general statutory grounds for cancellation, alleging incompetency, insubordination, neglect of duty, and other good and just cause. See § 16-24-8, Code of Ala. 1975.
Although there were ultimately sixteen enumerated charges lodged against the teacher, all of them revolved around, and are reducible to the single allegation that she was unable to master the newly implemented "Mobile Reading Plan."
There was testimony this plan was designed to aid in the development of students' reading skills. It involved testing which hopefully would isolate a particular student's weaknesses so that emphasis could be placed thereon and progress made. Extensive documentation was necessary in effectuating the plan's objectives.
The principal of the school where the teacher taught testified concerning the teacher's difficulties with the plan's paperwork. She admitted this was the teacher's major problem and that she would have no objection to the retention of the teacher if she mastered the documentation procedures. Evaluations of the teacher prepared by the principal found her to be satisfactory in all other respects.
The Board voted to accept the recommendation that the teacher be terminated. She timely appealed to the Commission which, on November 8, 1978, ruled the evidence failed to support any of the alleged grounds for cancellation.
Ninety-two days later the Board, through petition for writ of mandamus, appealed this ruling. In its answer, the Commission set forth the Board's alleged laches as an affirmative defense. The learned trial judge granted the writ, finding the Commission was in error and its decision unjust.
The Commission contends that this unexplained ninety-two day delay should have barred the bringing of the action in circuit court on the grounds of laches. It is argued, in an excellent brief for which we are grateful, that the legislature has created a procedure which insures the quick and orderly disposition of teacher termination cases and that the losing party must act expeditiously to preserve its rights if dissatisfied with the Commission's decision.
In reviewing this statutory scheme we note that the employing board is to provide a hearing within thirty days of serving notice of the proposed cancellation and must render its decision within five days of this hearing. § 16-24-9, Code of Ala. 1975. The teacher then is to appeal an adverse decision within fifteen days and the Commission is to hold a hearing on the appeal within forty days of the decision of the Board. The Commission then has five days to render its decision. §16-24-10. Therefore, all the proceedings from notice of the intention to cancel up to and including the decision of the Commission are to transpire within eighty days.
Under § 16-24-38, the aggrieved party's remedy from the Commission's ruling is by petition for writ of mandamus. Although there is no specific time limitation set forth for the filing of the petition, this court has said the application must be made within a reasonable time after the alleged neglect of duty by the Commission. Cullman City Board of Education v.Buchanon, 45 Ala. App. 357, 231 So.2d 134 (1969), cert. denied,85 Ala. 754, 231 So.2d 137 (1970), cert. denied, 398 U.S. 966,90 S.Ct. 2180, 26 L.Ed.2d 550 (1970). There, we said that when the delay is unreasonable and prejudicial to the rights of the respondent, the trial court should, of its own motion and in the public interest, dismiss the petition as not seasonably filed. We have also held that, to avoid the application of the doctrine of laches, the petitioner has the burden to show an excuse for the delay. Folmar v. Brantley, 238 Ala. 681,193 So. 122 (1939). *Page 1144 
In Buchanon, we held an unexplained seventeen month delay unreasonable. Here, there likewise was no excuse offered. Also, under the Teacher Tenure Act, which has as its principal purpose the securing of permanency in the teaching force and is remedial in nature and therefore liberally construed in favor of the teacher, State Tenure Commission v. Madison County Boardof Education, 282 Ala. 658, 213 So.2d 823 (1968), we find the requisite prejudice to the respondent teacher. Her entire future has been in doubt during the pendency of this protracted litigation and she has therefore been forced to "wait out" the final disposition of her case before making plans for her future. In light of the statutory scheme before us, we must conclude that in this instance an unexplained three month delay in seeking mandamus is unreasonable under the teacher tenure law.
This court was faced with an analogous situation in Bramlettv. Alabama State Tenure Commission, Ala.Civ.App., 341 So.2d 727
(1977). There, the teacher was notified she was to be transferred and requested a hearing. The local board failed to act even though § 16-24-6 required that it hold the hearing within fifteen days of such a request. Three months passed and she then filed a direct appeal with the Commission. Section16-24-37 provides for such an appeal when the teacher is denied a hearing but, like § 16-24-38, the mandamus statute in the case at bar, does not specify a limitations period. We construed § 16-24-37 in pari materia with the fifteen day period in § 16-24-6 and § 16-24-7 which applies when the Board holds a hearing and mandates an appeal within fifteen days of its decision. We held the failure to hold a hearing cannot toll the time for taking an appeal to the Commission. In other words, in the transfer situation, the appeal to the Commission must be filed within thirty days of the Board's receipt of the request for a hearing even if such hearing is wrongfully denied. Considering the tight statutory schedule so prevalent throughout the Teacher Tenure Act, we concluded the time for taking an appeal under such circumstances could not be "open ended and without limitation." Bramlett, 341 So.2d at 730.
Although this court has very recently noted the different time frames contained in the transfer statutes involved inBramlett and the cancellation statutes involved in the case at bar, Schneider v. Mobile County Board of School Commissioners, Ala.Civ.App., 378 So.2d 1119 (1979), both show the same pervasive legislative concern for brevity. Logic demands that the same basic rationale as followed in Bramlett be utilized today so that we avoid sanctioning the possibility of actions that are "open ended and without limitation." Bramlett, supra.
In Ex parte State ex rel. Denson, 248 Ala. 161, 26 So.2d 563
(1946), the Supreme Court of Alabama showed the same deference to a statutory scheme stressing brevity. There condemnation proceedings were involved and the petitioner filed a petition for mandamus seven months after receiving an adverse ruling. The trial court applied laches and this was upheld because the Supreme Court considered by analogy the thirty day limitations period for the bringing of a direct appeal in such an action. It was held that the unexplained delay would not be allowed where the "statute provides an expeditious remedy for thedisposition of causes brought under it." (Emphasis supplied.)Denson, 248 Ala. at 163, 26 So.2d at 565.
We do note there is no expressly limited direct appeal allowed in cancellation cases as involved in Denson and therefore no direct basis for comparison, but find the express limits that are set forth show a sufficiently similar legislative intent to justify the holding that the remedy here must be expeditiously sought, and if not, it must be barred.
We are not unaware of the case of Faircloth v. Folmar,252 Ala. 223, 40 So.2d 697 (1949), where a delay of ten months in seeking mandamus from the local school board's decision was held not to be barred by laches. However, in Folmar, the court did not have before it the statutory scheme *Page 1145 
we find so crucial in deciding the case at bar. Indeed, both the stringent and demanding time frames and the Commission itself which we consider today were established in 1953 by Act No. 773, Alabama Acts 1953, Reg. Sess., p. 1040. As we find these provisions controlling, we conclude Folmar is clearly distinguishable.
We therefore, in this instance, conclude that the unexplained delay of over three months in seeking the writ of mandamus is unreasonable. Therefore, the petition for the writ was barred by laches.
We would further note however that upon review by mandamus the circuit court may not reverse the Commission's decision unless it has failed to comply with the Tenure Act's procedural requirements or unless its judgment is so contrary to the preponderance and weight of the evidence as to be unjust.Sumter County Board of Education v. Alabama State TenureCommission, Ala., 352 So.2d 1137 (1977).
Here, the evidence showed the teacher was in good standing with twenty-two years experience. She was rated satisfactory throughout her career in all aspects of teaching and her only problem was in mastering the paperwork involved with the Mobile Reading Plan. Upon such facts, it cannot be said the Commission's decision that she be reinstated was unjust as contrary to the preponderance and weight of the evidence.
We further note that, contrary to the Board's contentions, we perceive no deficiency in the Commission's written order.
For the above errors noted, the granting of the writ of mandamus must be set aside and the decision of the Commission reinstated.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.