HOLMES, Judge
(dissenting).
I respectfully dissent.
I cannot, under the facts of the instant appeal, agree that the teachers consented to the “new” contract.
The Teacher Tenure Act has as its primary purpose the securing of permanency in the teaching force and is remedial in nature and is therefore to be liberally construed in favor of the teacher. Alabama State Tenure Commission v. Board of School Commissioners of Mobile County, 378 So.2d 1142 (Ala.Civ.App.1979).
With the above principle in mind, it appears to me that rather than “consenting” to the contract in question the teachers took rather deliberate steps to indicate to all concerned what their position was regarding the contract.
I note that the contract was signed on October 7 with the accompanying letter and just three weeks later the teachers’ attorney contacted the school board and specifically informed the board that the teachers did not consent to the contract. I further note that while the record before this court is not a paragon of clarity it appears that both the Tenure Commission and the circuit court decided the case on what might be termed the merits rather than whether the contract was signed with consent. Put another way, the case was decided on the basis that the school board by reducing the pay period, in effect, can-celled the contract.
The majority opinion does not address the issue of whether the action of the school board was a cancellation of the teachers’ contract; therefore, neither does this dissent.
I should not be understood as finding that the action of the teachers was the best or most appropriate way to ultimately challenge the contract, only that under the instant circumstances a conclusion that the teachers consented to the contract is contrary to the stated purpose of the Teacher Tenure Act.