This is a teacher tenure case.
The plaintiffs, both tenured teachers, were notified that their contracts of employment were being canceled. On September 25, 1986, the Alabama Tenure Commission (Commission) affirmed the Dothan City Board of Education's (Board) decision to cancel plaintiffs' contracts.
Thereafter, the plaintiffs filed a petition for a writ of mandamus in the circuit court pursuant to Ala. Code (1975), § 16-24-38, which reads as follows:
 "The action of the state tenure commission in reviewing transfers of teachers or cancellation of teacher contracts, if made in compliance with the provisions of this chapter, and unless unjust, shall be final and conclusive. Whether such action complies with the provisions of this chapter and whether such action is unjust may be reviewed by petition for mandamus filed in the circuit court of the county where said school system is located."
The petition in the circuit court was filed sixty-eight days after the Commission's ruling and erroneously named the Board as the sole defendant.
In order to comply with § 16-24-38, the plaintiffs thereafter sought to amend their petition by adding the Commission as a defendant. This was done 118 days subsequent to the Commission's ruling. After a hearing, the circuit court in effect ordered that the petition could not be amended and dismissed the plaintiffs' petition.
The plaintiffs appeal and we affirm.
The dispositive issue on appeal is whether the trial court abused its discretion in disallowing the amended complaint and dismissing the petition.
Under Rule 15, Alabama Rules of Civil Procedure, amendments are to be freely allowed when justice requires. Thurman v.Thurman, 454 So.2d 995 (Ala.Civ.App. 1984). However, this is not "carte blanche" authority to amend a complaint at any time.Ex parte Tidmore, 418 So.2d 866 (Ala. 1982). If this rule is to be of any benefit to the bench, the bar, and the public, the trial judges must be given discretion to allow or refuse amendments. Stallings v. Angelica Uniform Co., 388 So.2d 942
(Ala. 1980). If a court determines that a party had sufficient opportunity to state a claim or add a correct party but has failed to do so, or that there is an unexplainable delay, leave to amend may properly be denied. Tidmore, 418 So.2d 866; *Page 625 Stallings, 388 So.2d 942. Furthermore, while this court may have acted to the contrary, the issue on appeal is whether the trial court abused that discretion reposed in it. Haynes v.Ford Motor Co., 435 So.2d 1227 (Ala. 1983).
Therefore, the question to this court is whether under the circumstances in this case the trial court abused its discretion in disallowing the amendment.
In dealing with the field of education, the legislature has created a procedure which ensures quick and orderly disposition of teacher termination cases. The losing party must act expeditiously to preserve his or her rights if dissatisfied with the Commission's decision. Alabama State Tenure Commissionv. Board of School Commissioners, 378 So.2d 1142
(Ala.Civ.App. 1979).
It is clear under § 16-24-38 that an appeal to the State Tenure Commission is the last step in the administrative procedure and that from there the only recourse of either party is to the courts. Pursuant to this section, a writ of mandamus to the circuit court is the appropriate way to effect review for an aggrieved party. Likewise, the review provided for by statute is of the findings of the Commission and not a direct review of the actions of the Board.
Here, the plaintiffs waited sixty-eight days to file a petition for writ of mandamus. However, they failed to properly comply with the statute in that they sought to have the circuit court review the actions of the Board instead of the actions of the Commission. In fact, the plaintiffs delayed 118 days from the Commission's order before filing the amendment attempting to add the Commission as a party.
While there is no statutory time limit for filing a writ of mandamus for review of the actions of the Commission, the general rule is that the petition must be filed within a reasonable time after the Commission's order. If the petition is not seasonably filed, the delay may afford sufficient cause for its denial. Cullman City Board of Education v. Buchanon,45 Ala. App. 357, 231 So.2d 134 (Ala.Civ.App. 1969).
Therefore, in view of the clarity of § 16-24-38 coupled with a total delay of 118 days before attempting to comply with the statute, we cannot say that in this instance the trial court abused its discretion in disallowing plaintiffs' amended petition.
However, we should not be understood as saying that, had the trial court allowed the amendment, we would have necessarily reversed that decision — only that, under the particular facts in this case, we cannot conclude that the trial court so abused its discretion as to require reversal.
In view of the above, the contention concerning the "relation back" of amendments is pretermitted.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.