This is a teacher tenure case.
The Mobile County Board of School Commissioners (Board) cancelled the employment contract of a tenured teacher, Herbert L. Wilson, Sr., and the Alabama State Tenure Commission (Commission) upheld the termination. Wilson filed a petition for writ of mandamus pursuant to § 16-24-38, Code Ala. 1975. The Commission filed a motion to dismiss the petition as barred by *Page 835 
laches, citing Alabama State Tenure Commission v. Board ofSchool Commissioners of Mobile County, 378 So.2d 1142
(Ala.Civ.App. 1979), to support its position that the delay of over six months in filing a petition for writ of mandamus was unreasonable. The trial court entered an order finding "no reasonable explanation for the extensive delay" and applied the doctrine of laches to dismiss Wilson's petition. From that order, Wilson appeals.
Wilson raises several issues for review that were not considered or determined by the trial court because the case was dismissed prior to reaching its merits. We find the dispositive issue to be whether the trial court erred in applying the doctrine of laches to dismiss this case.
Our review of the record reveals the following pertinent facts. Wilson is a male teacher with approximately 30 years' teaching experience. A 16-year-old female student accused him of making inappropriate personal inquiries in January 1987. As a result of the student's allegations, proceedings began which led to the termination of Wilson's teaching contract by the Board. Wilson appealed that decision to the Commission. After considering the record, briefs, and oral arguments, the Commission affirmed the action of the Board on October 18, 1988. Wilson filed his petition for writ of mandamus on April 20, 1989. It is undisputed that Wilson's petition was not filed until six months after the final decision by the Commission.
Section 16-24-38, Code Ala. 1975, specifies that Commission actions are "final and conclusive" and that review may be obtained "by petition for mandamus filed in the circuit court of the county where said school system is located." The statute does not specify a time limitation for petitioning for review.
We have determined that a lengthy, unexplained delay in seeking a writ of mandamus in a teacher tenure case causes the action to be barred by laches. Burks v. Alabama State TenureCommission, 380 So.2d 901 (Ala.Civ.App. 1980). Although there is no specific time limitation set forth for filing a petition for writ of mandamus in such cases, the petition must be made within a reasonable time. Taylor v. Dothan City Board ofEducation, 513 So.2d 623 (Ala.Civ.App. 1987). The petitioner has the burden to show an excuse for any delay. Alabama StateTenure Commission v. Board of School Commissioners of MobileCounty, 378 So.2d 1142 (Ala.Civ.App. 1979).
Wilson contends that the delay in filing the petition was due to his inability to find an attorney who would take his case. Wilson indicated that he contacted three attorneys before retaining one in January 1989. When that attorney did not file the petition, Wilson waited until March 30, 1989, to contact and retain the present attorney to represent him. The trial court considered all the evidence on the motion to dismiss, including the pleadings, briefs, and arguments, before determining that Wilson failed to offer a reasonable explanation for the delay. It is well established that the trial court has the discretionary authority to deny an application for mandamus where there was an unreasonable delay.Ex parte State ex rel. Denson, 248 Ala. 161, 26 So.2d 563
(1946).
The timeliness regarding petitions for writ of mandamus in teacher tenure cases is not a new issue to this court.See, e.g., Taylor v. Dothan City Board of Education,513 So.2d 623 (Ala.Civ.App. 1987) (dismissing as untimely an amended petition filed 118 days after the Commission ruled); AlabamaState Tenure Commission v. Board of School Commissioners ofMobile County, 378 So.2d 1142 (Ala.Civ.App. 1979) (dismissing as untimely a petition filed ninety-two days after the Commission ruled); Cullman City Board of Education v. Buchanon,45 Ala. App. 357, 231 So.2d 134 (1969), cert. denied, 285 Ala. 754, 231 So.2d 137 (1970), cert. denied, 398 U.S. 966,90 S.Ct. 2180, 26 L.Ed.2d 550 (1970) (writ filed seventeen months after the Commission ruled).
The facts of this case, when viewed in light of the applicable legal principles, clearly support the judgment of the trial court in dismissing the petition, which was filed six months after the final decision of *Page 836 
the Commission. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.