HOLMES, Retired Appellate Judge.
This is a teacher tenure case.
Our review of the record reveals the following pertinent facts: On May 31, 1996, the Homewood City Board of Education (Board) notified Lovie Crawford that it had initiated proceedings to consider termination of Crawford’s employment as a teacher at Home-wood Middle School.
The Board alleged the following as grounds for Crawford’s termination of employment: On April 22-23, 1996, Crawford accompanied several middle school students to the Technology Student Association State Conference in Montgomery. While at the conference, Crawford knowingly allowed one of the eighth grade students under his supervision and care to enter a poster in the Safety Illustration Contest that was not the work of this particular eighth grade student, but was prepared by someone else. Crawford also knowingly allowed this same eighth grade student to accept the first place trophy in this statewide competition for the poster, which had been prepared by someone else. Thereafter, Crawford failed to rectify this situation promptly and forthrightly.
After a hearing on June 24, 1996, the Board voted unanimously to terminate Crawford’s employment as a teacher with the Homewood School System. By letter dated June 25, 1996, the Board notified Crawford of its decision.
Crawford timely appealed the Board’s decision to the Alabama State Tenure Commission (Commission). On September 5, 1996, the Commission held a hearing and issued its decision, which stated the following, in pertinent part:
“Upon consideration of the record, as well as briefs submitted and oral argument presented by counsel for both [Crawford] and the [Board], the [Commission] finds that the cancellation was not in accordance with the tenure law in that it was capricious and arbitrarily unjust.
“The [Commission], therefore, reverses the action of the [Board] in the cancellation of [Crawford’s employment with the Board].
“Done this 5th day of September, 1996.”
' On September 12, 1996, the Board filed with the Commission a petition for reconsideration and a request for an en banc hearing by the entire Commission.
On October 22, 1996, the Commission notified the Board of its denial of the petition for reconsideration. The Commission stated the following, in pertinent part: “The rules of the Commission do not allow for applications for rehearing. Consequently, the petition for reconsideration is denied.”
On December 5, 1996, the Board filed a petition for a writ of mandamus with the circuit court. Crawford and the Commission filed a motion to dismiss the Board’s petition for . a writ of mandamus, raising the defense of laches.
After a hearing, the circuit court “conclude[d] that the [Board’s] petition for [a] writ of mandamus was not seasonably filed,” and it dismissed the Board’s petition. The Board filed a post-judgment motion, which was overruled.
The Board appeals. The Board contends that the trial court committed reversible error when it dismissed the Board’s petition for *1210 a writ of mandamus because, it says, the doctrine of laches is not applicable in light of the facts and circumstances of the present case.
We would note that the circuit court relied upon Alabama State Tenure Comm’n v. Board of School Comm’rs, 378 So.2d 1142 (Ala.Civ.App.1979), in making its determination that the Board’s petition for a writ of mandamus was not seasonably filed. In that case a period of 92 days elapsed between the time that the Commission ruled in favor of reinstating the teacher and the Board filed its petition for a writ of mandamus. This court stated the following, in pertinent part:
“Under [Ala.Code 1975,] § 16-24-38, the aggrieved party’s remedy from the Commission’s ruling is by petition for writ of mandamus. Although there is no specific time limitation set forth for the filing of the petition, this court has said the application must be made within a reasonable time after the alleged neglect of duty by the Commission. ...
[[Image here]]
“We therefore, in this instance, conclude that the unexplained delay of over three months in seeking the writ of mandamus is unreasonable. Therefore, the petition for the writ was barred by laches.”
Alabama State Tenure Comm’n, 378 So.2d at 1143, 1145 (emphasis added).
In Taylor v. Dothan City Bd. of Educ., 513 So.2d 623 (Ala.Civ.App.1987), the Dothan City Board of Education canceled the contracts of two tenured teachers, and the Alabama State Tenure Commission affirmed the Board’s decision. Thereafter, the two teachers waited 118 days after the ruling of the Commission to seek to amend their petition. The teachers sought to add the Commission as a defendant. However, the circuit court would not allow the amendment to the petition and dismissed the petition. In our opinion this court stated the following, in pertinent part:
“In dealing with the field of education, the legislature has created a procedure which ensures quick and orderly disposition of teacher termination cases. The losing party must act expeditiously to preserve his or her rights if dissatisfied with the Commission’s decision.
“It is clear under [Ala.Code 1975,] § 16-24-38, that an appeal to the [Commission] is the last step in the administrative procedure and that from there the only recourse of either party is to the courts. Pursuant to this section, a writ of mandamus to the circuit court is the appropriate way to effect review for an aggrieved party. ...
[[Image here]]
“... If the petition is not seasonably filed, the delay may afford sufficient cause of its denial.
“Therefore, in view of the- clarity of § 16-24-38, coupled with a total delay of 118 days before attempting to comply with the statute, we cannot say that in this instance the trial court abused its discretion in disallowing plaintiffs amended petition.
“However, we should not be understood as saying that, had the trial court allowed the amendment, we would have necessarily reversed that decision — only that, under the particular facts in this ease, we cannot conclude that the trial court so abused its discretion as to require reversal.”
Taylor, 513 So.2d at 625 (citations omitted) (emphasis added).
It is clear from reading Alabama State Tenure Comm’n, 378 So.2d 1142, and Taylor, 513 So.2d 623, that the issue of whether a petition for a writ of mandamus is timely filed should be handled on a ease-by-case basis.
In the present, case the Board points out in its brief on appeal that “[w]hen the [Commission] rendered its shocking decision in the present case, the Board immediately filed a petition for reconsideration with the [Commission].” (Emphasis in original.) The Board argues the following, in pertinent part:
“The Board’s one-day delay was not unreasonable, was for a valid explanation, and was made in good faith. The Board acted reasonably and in good faith in waiting to seek the writ of mandamus after the [Commission] had rendered a ‘final and conclusive’ decision. (See Wilson v. Wright, 568 So.2d 834 (Ala.Civ.App.1990) (citing Ala. *1211 Code [1975,] § 16-24-38: ‘Commission actions are ‘“final and conclusive’”’)). The Board would not have acted in good faith had it not awaited the [Commission’s] final determination. Further, the Board would not have properly sought a writ of mandamus without a final determination by the [Commission].
“Under Alabama State Tenure Commission v. Board of School Commissioners, as well as other case law on this issue, the [Board’s] one-day delay was not unreasonable because the Board submitted to the circuit court a good explanation for the delay. As stated above, the Board filed its petition for [a] writ of mandamus well within three months of the October 22, 1996, final determination of the [Commission].”
Ala.Code 1975, § 16-24-38, states the following, in pertinent part: “The action of the State Tenure Commission ... shall, be final and conclusive ... [and] may be reviewed by petition for mandamus filed in the circuit court.” We find no provision in the statutory scheme for a rehearing. In fact, when the Commission denied the Board’s motion for reconsideration/rehearing, the Commission stated, “The rules of the Commission do not allow for applications for rehearing.” The Commission delivered its “final and conclusive” decision on September 5, 1996.
However, even if you accept the Board’s explanation that it delayed filing its petition for a writ of mandamus until it received a “final and conclusive” decision from the Commission on October 22,1996, there was a 44-day delay until the Board filed its petition for a writ of mandamus. In its order the circuit court stated the following, in pertinent part:
“The [Board] argues that [it] had a justifiable excuse for not filing its writ prior to December 5, 1996, ... and that the writ was seasonably filed following the Commission’s ruling of October 22, 1996. The Board further argue[s] that it needed a board meeting following October 22 to properly evaluate and decide [its] course of action, but no meeting dates were presented to the court. From the record, nothing happened for forty-four days.
[[Image here]]
“Therefore, the Court concludes that the petition for [a] writ of mandamus was not seasonably filed and is, therefore, dismissed.”
(Emphasis added.)
Under the facts and circumstances of the present ease, we cannot say that the circuit court committed reversible error when, after determining that the Board’s petition for a writ of mandamus was not seasonably filed, it dismissed the petition.
In view of the above, other issues raised by the Board are pretermitted.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
AFFIRMED.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur.
CRAWLEY and THOMPSON, JJ., dissent.