CRAWLEY, Judge,
dissenting.
The mere passage of time will not suffice to bar a claim on the ground of laches. Ex parte Johnson, 485 So.2d 1098 (Ala.1986). The party asserting the defense of laches bears the burden of proving not only that the delay was unreasonable but also that the delay caused prejudice. Chafian v. Alabama Board of Chiropractic Examiners, 647 So.2d 759 (Ala.Civ.App.1994):
“Classic elements of undue prejudice, for purposes of determining the applicability of the doctrine of laches, include the unavailability of witnesses, changed personnel, and the loss of pertinent records.”
Ex parte Grubbs, 542 So.2d 927, 929 (Ala.1989). Neither the Commission nor Crawford presented any evidence of prejudice.
Moreover, the Board’s delay in petitioning for the writ was not unduly long or unreasonable. In Alabama State Tenure Comm’n v. Board of School Comm’rs, 378 So.2d 1142 (Ala.Civ.App.1979), the delay was 92 days. In Wilson v. Wright, 568 So.2d 834 (Ala.Civ.App.1990), the delay was six months. In *1212 Cullman City Board, of Educ. v. Buchanon, 45 Ala.App. 357, 231 So.2d 134 (Ala.Civ.App.1969), cert. denied, 285 Ala. 754, 231 So.2d 137, cert. denied, 398 U.S. 966, 90 S.Ct. 2180, 26 L.Ed.2d 550 (1970), the delay was 17 months. Here, the delay was only 44 days from the time that the Commission notified the Board that its rules did not provide for applications for rehearing.
In response to the circuit court’s order dismissing the Board’s petition as untimely, the Board submitted the fact that the date of its next meeting after the Commission’s decision was November 26, 1996. The Board filed its petition for the writ 11 days after that Board meeting.
Even if a motion to reconsider is not recognized under teacher tenure proceedings, filing such a motion and waiting 44 days for a ruling and then waiting for the superintendent to bring the matter of appeal to the Board’s attention at its next regular meeting is not unreasonable.
Because I do not think the Commission established the defense of laches, I would remand this cause to the trial court with instructions to reinstate the petition and to reach the merits.
THOMPSON, J., concurs.