Appeal by plaintiff from summary judgment granted in favor of defendants. We affirm.
Kennie C. Haynes purchased a new 1979 Ford Mustang automobile from Gilmore Ford, Inc., of Prattville, in November 1979. This vehicle came with a standard twelve-month, 12,000-mile manufacturer's warranty. Haynes also obtained an extended service plan contract.
After the car had been driven in excess of 20,000 miles, the "right rear body support" detached from the car. Haynes returned the Mustang to Gilmore Ford, but because that dealer had no body shop, Haynes was referred to Courtesy Ford Sales, Inc., of Montgomery. Courtesy Ford welded the rear frame strut support to the body, and Haynes paid Courtesy Ford for the repairs. Neither Gilmore Ford nor Ford Motor Company received any part of that payment.
The attempted repair failed during December 1980. On February 10, 1981, Haynes brought this action against Ford Motor Company, Inc., Courtesy Ford Sales, Inc., and Gilmore Ford, Inc., in three counts. Count I alleged breach of warranty by all defendants. Count II alleged fraud and election to rescind the contract of purchase against Gilmore Ford. Count III alleged breaches of the Magnuson-Moss Warranty Act by all three defendants. Answers were filed by the defendants, and depositions taken of Haynes and his son. Each defendant moved for summary judgment: Gilmore Ford and Ford Motor Company obtained summary judgment in their favor on Count II, alleging fraud (even though Ford Motor Company appears not to have been made a party in that count, nor was Courtesy Ford). Summary judgment was deferred on all other aspects.
Trial was scheduled for October 27, 1981, but continued on plaintiff's motion. Trial was reset for November 18, 1981, and a pre-trial conference was held on November 2, 1981. On November 3, 1981, plaintiff moved for permission to amend. This motion was set for hearing on November 9, 1981. The defendants filed written objections to the proffered amendment. On November 9 the trial court denied the motion to amend, observing that:
(1) The requested amendment substantially changed the theories on which the lawsuit was based;
(2) The cause had been pending since February 10, 1981, was continued from October 27 to November 18, was pre-tried on November 2, and plaintiff had had adequate time for discovery and amendment; and
(3) The amendment came too late because additional discovery and time to prepare would be required by the parties.
On that same day the trial court granted summary judgment in favor of Gilmore Ford and Ford Motor Company under Count I, and in favor of all defendants under Count III. On May 12, 1982, on motion of the parties, Courtesy Ford was dismissed as a party with prejudice. Plaintiff gave notice of appeal on June 23, 1982. Courtesy Ford has moved to strike the appeal. We pretermit consideration of that question in view of our decision on the merits.
Plaintiff contends here that the trial court erred in refusing to allow the proffered amendment.
Under Rule 15 (a), Alabama Rules of Civil Procedure, the plaintiff could have amended without moving for the court's permission, but even then it would have been subject to disallowance on the court's own motion. The procedure utilized here served to allow the court a full opportunity to consider the amendment within the boundaries of Rule 15 (a). We take note that the *Page 1229 
Rule requires that amendments "shall be freely allowed when justice so requires." The amendment in question was one which addressed itself to the trial court's discretion, and while we ourselves might have acted to the contrary, the issue is whether the trial court abused the discretion reposed in him. Indeed, as stated in Stead v. Blue Cross-Blue Shield of Alabama, 294 Ala. 3,310 So.2d 469 (1975):
 "[I]f Rule 15 is to be of any benefit to the bench, bar, and the public, the trial judges must be given discretion to allow or refuse amendments. . . ."
In Stallings v. Angelica Uniform Co., Ala., 388 So.2d 942 (1980), we upheld the trial court, which had denied a motion for leave to amend when the plaintiff had sufficient opportunity for discovery and amendment earlier but failed to do so and offered no explanation for the delay. Certainly those are considerations which may be looked to by the trial court in its attempt to determine whether justice requires allowing the amendment. Exparte Tidmore, Ala., 418 So.2d 866 (1982).
The amendment in question is extensive, containing three counts. Count I was based upon fraud under 15 U.S.C. § 2310 (d) (the Magnuson-Moss Warranty Act), alleging that the motor vehicle sold by Ford Motor Company through Gilmore Ford possessed a latent defect through whose dangerous character "plaintiff lost the ability to use said vehicle for its intended purpose complete." This Count described the warranty as a deceptive warranty under 15 U.S.C. § 2310 (c)(2)(i). It charged Courtesy Ford with false representations to plaintiff that it could make adequate repairs to this latent defect.
Count II charged Gilmore Ford with negligence "in that it negligently undertook to repair said vehicle," charged Gilmore Ford with negligence "in that it negligently sold the vehicle containing the latent defect," and charged Ford Motor Company with negligence by negligently manufacturing or negligently designing or negligently damaging the automobile as to create defects, rendering it wholly unfit for the use and purpose for which it was intended.
Count III alleged that Ford Motor Company defectively manufactured or designed the vehicle "in some unknown manner" and thus rendered it unfit for the use and purpose for which it was sold, in that the connecting brackets from the frame to the body were unskillfully attached, causing the automobile to become totally inoperable. Further, that Ford Motor Company breached its written warranty by holding out to the plaintiff that it was a new automobile which would function as a new one. Ford was charged by plaintiff with knowledge of these defects prior to plaintiff's purchase.
We have compared the proffered amendment with the original complaint, and we agree with the trial court that a substantial change in theory was sought, thus posing additional discovery requirements. The original Count I referred to the new vehicle written warranty and alleged the discovery of defects subsequent to the purchase which were uncorrected, rendering the vehicle unserviceable. The original Count II alleged intentional or reckless misrepresentations made by Gilmore Ford that the vehicle was free from defects and that if any were discovered they would be repaired. Defects were discovered but not repaired, plaintiff alleged, and plaintiff pleaded election to rescind the contract of purchase and sale. Under original Count III plaintiff alleged that plaintiff's oral and written representations and failure to correct defects "breached the Magnuson-Moss Warranty Act and its various subsections."
A comparison of the original complaint and the proffered amendment does disclose more than mere hypertechnical differences. For one thing, the broadside allegations of breach of Magnuson-Moss warranty provisions in the original Count I did not call attention to any deceptive warranty, or to a latent defect as being the vehicular problem, unlike those in amended Count I. For another, the original Count II charged intentional or reckless misrepresentation and elected rescission, while the amended Count II charged negligent manufacture, *Page 1230 
negligent design, or negligent damage. The proffered amendment to Count III, as we have shown, alleged defective manufacture or design and breach of warranty, unlike the general allegations of a breach of the Magnuson-Moss Act's provisions as originally alleged, although these were amplified to include a deceptive warranty breach in the amended Count I. These changes placed upon the trial court the responsibility of deciding, in its discretion, whether to allow the amendment or not, for it is clear that the amendment did change some of the theories to be applied in the trial and might well pose additional discovery and preparation problems as the trial court found. Under these circumstances we cannot state as a matter of law that that discretion was abused.
In connection with the summary judgment, plaintiff argues that it was error to grant it in favor of Gilmore Ford and Ford Motor Company. He relies upon Tiger Motor Co. v. McMurtry, 284 Ala. 283, 224 So.2d 638 (1969), as authority for the proposition that the purchaser of an automobile, under written warranty, which cannot be economically repaired "is entitled to sue on the written warranty, [or] rescind the agreement and get his purchase money back." That case does not support such an extensive remedy. In McMurtry the controlling fact allowing rescission was that the terms of the written warranty (or disclaimer) were not called to the buyer's attention prior to the delivery of the automobile. In this case, on the other hand, Haynes testified in his deposition that at the time he purchased the car he knew that the warranty he received had certain limitations to it, that it was a twelve-month, 12,000-mile warranty, and he also knew that the extended warranty plan covered only certain assemblies and only for a limited time and mileage. He added that to his knowledge neither of these aspects was misrepresented to him or concealed from him. Haynes also deposed that he had no reason to believe that the car was not new when sold to him, and he knew the car to be out of warranty, due to excess mileage, when the separation occurred. Moreover, Haynes deposed that he had read the extended warranty and that he assumed that his problem was not covered. Under the evidence before the trial court, then, there was not a scintilla of evidence to prove either a breach of warranty or fraud against either Ford Motor Company or Gilmore Ford.
Respecting the "deceptive warranty" claim, the plaintiff doubtless refers to the definition of a "deceptive warranty" contained in 15 U.S.C. § 2310, i.e., one containing descriptions, promises, etc., which are false or fraudulent. Assuming arguendo
that any such representation was made by the warranties here, the plaintiff's own testimony negates any suggestion that he was deceived, understanding, as he stated he did, the warranties he was given.
Finally, plaintiff contends that the trial court erred in granting summary judgment under the authority of Winchester v.McCulloch Brothers Garage, Ala., 388 So.2d 927 (1980). It is true that Winchester held that when a seller refused to honor its own limited warranty, that warranty could be found to have failed, allowing a jury to award damages for breach other than those provided under the limited warranty. That decision is inapt here, simply because the plaintiff himself, without dispute, understood his warranties and understood that his automobile was outside then when he brought it in for service. Thus, there was no refusal to honor a warranty, because it did not apply.
Summary judgment is appropriate when the moving party has demonstrated that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.Bryant v. Morley, Ala., 406 So.2d 394 (1981); Rule 56, A.R.Civ.P.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.
MADDOX, FAULKNER, JONES and SHORES, JJ., dissent. *Page 1231