TORBERT, Chief Justice.
In the early morning hours of August 24, 1985, Anthony Russell was struck by a car driven by Eric Franklin. Terrance Robinson owned the car. Russell brought suit against Franklin and against Robinson. Russell alleged that Franklin was the agent of Robinson and that Robinson had negligently entrusted his vehicle to Franklin. Robinson moved for summary judgment, and his motion was granted by the trial court. The court made that judgment final pursuant to Rule 54(b), Ala.R.Civ.P.; Russell appealed from that judgment as to the issue of whether Franklin was Robinson’s agent.
In Henderson v. Winkler, 454 So.2d 1358, 1360-61 (Ala.1984), this Court set out the standard of review for a summary judgment pursuant to Rule 56, Ala.R. Civ.P.:
“ ‘In reviewing a summary judgment, we must determine whether there exists any genuine issue of material fact and, if not, whether the substantive law was correctly applied to the undisputed facts.’ Watts Construction Co. v. Cullman County, 382 So.2d 520, 522 (Ala.1980). The moving party must clearly show that no genuine issue as to any material fact exists and that the movant is entitled to judgment as a matter of law before summary judgment may be granted. If, however, there is a scintilla of evidence supporting the position of the party against whom the motion is made, summary judgment may not be granted. Savage v. Wright, 439 So.2d 120 (Ala.1983); Haynes v. Ford Motor Co., 435 So.2d 1227 (Ala.1983).”
The question of agency is one of fact. Kutack v. Winn-Dixie Louisiana, Inc., 411 So.2d 137, 139 (Ala.1982).
We have carefully examined the entire record and have found no evidence that Franklin was acting under the control or authority of Robinson when Franklin took Robinson’s car. All the evidence clearly shows that Franklin was nothing more than an acquaintance of Robinson’s and that Franklin took Robinson’s car without Robinson’s knowledge or consent. The evidence indicates that Robinson inadvertently left his keys in his car and that Franklin decided for himself to drive Robinson’s car. Even Franklin admits that he took the car without Robinson’s permission or knowledge.
There is nothing in the record that presents a scintilla of evidence of an agency relationship between Robinson and Franklin. Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
MADDOX, ALMON, BEATTY and HOUSTON, JJ., concur.