HOLMES, Judge.
This is a teacher tenure case.
The Board of Education of the City of Demopolis (the Board) notified the tenured teacher, Mrs. Wynell Gantt, that she would be transferred. After a hearing, the Board reaffirmed this decision. The Alabama State Tenure Commission (the Commission) reversed the transfer order. On writ of mandamus, the Circuit Court of Marengo County vacated the decision of the Commission and directed that it reconsider the case. The Commission, through able and distinguished counsel, appeals and we affirm.
The dispositive issue is the propriety of the Commission’s action in reversing the transfer order due to the Board’s failure to file a transcript with the Commission within twenty days of the hearing before the Board.
The record reveals the following: The Board notified the teacher that she was to be transferred from the position of counsel- or to that of English teacher. The reason given was the shutdown of the school’s counseling program due to a lack of funds. Despite the transfer, the teacher would continue her employment in the same school building and would continue receiving the same compensation.
The teacher requested a hearing before the Board and one was convened on June 9, 1979. However, when the teacher’s attorney failed to appear, the hearing was rescheduled for July 11. At the July hearing the Board reaffirmed its decision to consummate the proposed transfer.
On July 16,1979, the teacher duly appealed to the Commission. By letter dated July 18, 1979, the Commission informed the Board a hearing would be scheduled on the appeal as soon as nine copies of the tran *1102 script of the Board’s proceedings were received. Also, the Commission enclosed a copy of its “Rules of Procedure and Practice.” Nowhere in these rules was a time limit specified for the filing of the required copies of the transcript.
On July 31,1979, the Commission notified the parties that it had not yet received the copies. However, the Commission further informed the parties that a hearing had nevertheless been set for August 15, 1979.
On August 6, 1979, the Board responded, informing the Commission that the court reporter engaged to prepare the transcript had been unable to complete it due to a heavy work load. The Board requested further instructions.
The Commission held the hearing as scheduled on August 15, 1979. At this hearing, the Commission restricted its consideration to the procedural question of whether the Board should be granted an extension of time within which to file the transcript.
The Commission found that the Board had failed to either file the transcript or to request an extension of time within the period “apparently required by Sections 16-24-6, 16-24-7, and 16-24-10, Code of Alabama 1975.” Having reached this conclusion, the Commission reversed the transfer order entered by the Board.
The Board responded to the above by filing a petition for mandamus with the Circuit Court of Marengo County. The court found that the Alabama Teacher Tenure Act, §§ 16-24-1, et seq., Code of Ala. 1975, does not require the submission of a record to the Commission within any particular time when a teacher is to be transferred. The court also found that the Commission had not adopted any rules or regulations setting forth such a time limit.
The circuit court went on to conclude that, in the absence of either statutory mandate or applicable regulation, the action of the Commission was improper. Accordingly, the decision of the Commission was reversed and it was ordered to consider the entire record in reaching a further decision. As indicated, the Commission then appealed to this court.
At the outset, we note that the basis of the Commission’s finding that the Board “apparently” failed to comply with our teacher tenure law is § 16-24-10(b), Code of Ala.1975. This section, which applies when a tenured teacher’s contract has been cancelled, places an affirmative duty upon the employing Board, when there is an appeal to the Commission, to prepare copies of the record of proceedings before it and to deliver these to the Commission within twenty days from the date of the hearing. This court had held that when this requirement is not met in a cancellation case, it is within the Commission’s authority to strike the tardily filed transcript and to reverse the Board’s decision. Washington County Bd. of Ed. v. Ala. State Tenure Commission, Ala.Civ.App., 364 So.2d 338 (1978).
However, we have also held that § 16-24-10 controls only when a teacher’s contract has been cancelled, and that § 16-24-7 is the applicable appeals statute when the teacher is to be transferred. Therefore, the two procedures cannot be used interchangeably and the one does not control the other. See, Lamar County Bd. of Ed. v. Steedley, 45 Ala.App. 672, 236 So.2d 337 (1970). Indeed, while this court has recently acknowledged that the cancellation statutes and the transfer statutes both show “the same pervasive legislative concern for brevity,” Ala. State Tenure Commission v. Bd. of School Commissioners of Mobile County, Ala.Civ.App., 378 So.2d 1142, 1144 (1979), we have also continued to underscore the different time frames involved, reaffirming that when one statute applies, the other does not. Schneider v. Mobile County Bd. of School Commissioners, Ala. Civ.App., 378 So.2d 1119 (1979).
Section 16-24-7, the transfer appeals statute at hand, provides in pertinent part:
A teacher on continuing service status shall have the right to appeal within 15 days after the decision of the employing board to the state tenure commission, . . Such appeal shall be heard not less than 10 days nor more than 40 days *1103 after such notice of appeal is filed with the commission . . . Such teacher shall have a right to appear with or without counsel and shall have a right to present argument to the commission based on the record of the proceedings before the employing board. The action of the state tenure commission shall be final and conclusive in determining all questions relative to said transfer and shall be based on the record of the proceedings before the said board and the evidences as recorded at such hearing.
It is at once apparent that although § 16-24-7 contemplates the presence of a record before the Commission as it deliberates on the transfer, this section lacks the clear and compelling mandate of § 16-24-10 that “. . . the board shall cause to be made sufficient copies of the record [which] . . . shall be delivered to the commission and to the teacher within 20 days from the date of the hearing.”
It only follows that, under the facts at bar, the Commission lacked the statutory authority we found present in Washington County Bd. of Ed., supra, to reverse the Board’s decision for failure to prepare and file the transcript within twenty days.
It is now well established that although the judgment of the Commission is final, it may be reversed by the circuit court on review by mandamus if the Commission has either failed to comply with the Tenure Act’s procedural requirements or has rendered a judgment so contrary to the weight of the evidence as to be unjust. Sumter County Bd. of Ed. v. Ala. State Tenure Commission, Ala., 352 So.2d 1137 (1977); Ala. State Tenure Commission v. Bd. of School Commissioners of Mobile County, supra. Suffice it to say that where, as here, the Commission has impermissibly engraft-ed the requirements of § 16-24-10, a cancellation statute, onto § 16-24-7, the transfer statute involved in this case, the circuit court was justified in concluding the Commission had failed to comply with the procedural requirements of the Tenure Act.
This court is not unaware of the practical consequences of this decision. Lest we be misunderstood, let us reiterate what we are saying, and (perhaps more importantly) not saying today. Our decision is simply that, in the absence of an applicable general rule or regulation by the Commission, or a direct order from that body, the Commission is without authority to reverse the employing board for failure to file a transcript within twenty days of the hearing before the Board. We are not ruling, as the question is not before us, that the Commission is powerless to cure the acknowledged deficiency of § 16-24-7 as applies to the time in which the transcript must be filed, through exercise of its powers under § 16-24-35, which allows it to adopt such “rules, regulations, and orders as may be reasonably necessary to carry out its functions.” Neither are we necessarily saying that the Commission was without authority to order that the transcript be filed by a date certain, provided the order allowed a reasonable time for compliance.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P, J., and BRADLEY, J., concur.