WRIGHT, Presiding Judge.
This is a teacher tenure case.
The Board of School Commissioners of Mobile County, Alabama (the Board) notified one of its tenured teachers of the proposed cancellation of his employment contract. The teacher notified the Board of his intention to contest the proposed cancellation and a hearing was held pursuant thereto according to law. The Board canceled the teacher’s contract and he appealed to the Alabama State Tenure Commission (the Commission). The Commission, after receiving briefs and hearing oral argument, reversed the Board’s action. On writ of mandamus, the Circuit Court of Mobile County found that the Commission’s action reversing the Board was not in compliance with § 16-24-10, Code of Alabama (1975), was unjust and should be set aside. The Commission appeals from that order of the circuit court. We reverse.
The dispositive issue is the propriety of the Commission’s action in reversing the cancellation of the teacher’s contract due to the Board’s failure to meet the requirements of § 16-24-10(b).
Section 16-24-10(b), in pertinent part reads as follows:
The teacher shall have the right to appeal to the state tenure commission, as hereinafter established, to obtain a review by the commission as to whether ... [the Board’s] action was in compliance with this chapter and whether such action was arbitrarily unjust.... Upon notice of appeal, the board shall cause to be made sufficient copies of the record of proceedings to provide a copy for each of the members of the commission and one for the teacher. The record shall consist of all notices given to the teacher, all papers filed with the board by the teacher in compliance with the provisions of this chapter, transcript of testimony and other evidence and the findings and decisions of the board. The requisite number of copies of the record shall be delivered to the commission and to the teacher within 20 days from the day of the hearing.... (Emphasis ours.)
The hearing before the Board was held on December 10,1979. The teacher appealed and, as required by § 16-24-10(b), the Board should have supplied copies of the record from the December 10 hearing to both the Commission and the teacher by December 30. The Board failed to comply with this statutory 20-day period and on January 10, 1980, requested an extension, until January 24, within which to file the required copies. The Commission granted the request. The Board delivered copies to the Commission by January 24, but failed to deliver a copy to the teacher as required by the statute.
The teacher filed a motion to strike the record on January 30 on the ground that the Board had failed to comply with the statute. The Commission granted the motion and reversed the cancellation by the Board for failure to so comply.
Section 16-24-10(b) places an affirmative duty upon the employing Board, upon an appeal to the Commission, to prepare the record of proceedings before it and to deliver copies to the Commission and to the teacher within 20 days from the date of the hearing before the Board. Where the 20-day requirement is not met in a cancellation case, it is within the Commission’s authority to strike the tardily-filed transcript and reverse the Board’s decision. Alabama State Tenure Commission v. Board of Education of City of Demopolis, 384 So.2d 1100 (Ala.Civ.App.), cert. denied, 384 So.2d 1103 (Ala.1980); Washington County Board of Education v. Alabama State Tenure Commission, 364 So.2d 338 (Ala.Civ.App.1978). Logically, where the Commission allows an extension of the 20-day requirement and the Board fails to comply with the extended deadline, the Commission again has the authority to strike the tardily-filed transcript and reverse the Board’s decision. Merely extending the time for compliance does not lessen the duty of the Board to comply. Neither does it diminish the authority of the Commission to strike a transcript not filed in compliance with the granted extension.
*64 It is well established that the judgment of the Commission is final and may be reversed by the circuit court on review by mandamus only if the Commission has failed to comply with the tenure law’s procedural requirements or has rendered a judgment so contrary to the weight of the evidence as to be unjust. Sumter County Board of Education v. Alabama State Tenure Commission, 352 So.2d 1133 (Ala.Civ.App.), aff’d as modified, 352 So.2d 1137 (Ala.1977). The circuit court here found that the actions of the Commission failed to comply with procedural requirements and were unjust. We cannot agree. The Commission had authority to enforce the statute and its rules, strike the transcript and reverse the Board. The Demopo-lis and Washington County cases are evidence of that authority. This court, though not affirming strict enforcement of the time limitations in such cases, nevertheless cannot derogate the authority of the Commission to do so. We do not adhere to the “substantial compliance” doctrine contended by the Board. The judgment of the circuit court must be reversed and the order of the Commission reinstated.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.