ON REHEARING EX MERO MOTU
This court's original opinion, dated March 21, 1990, is withdrawn, and the following is substituted therefor:
This is a teacher tenure case.
By letters dated May 13, 1989, the Dallas County Board of Education (Board) notified Henry Norris and Irene Johnson (appellants) of its intent to transfer both of these tenured teachers to new teaching locations. Appellant Norris received his copy of the Board's letter on May 19, 1989. Notice was not received by appellant Johnson until May 23, 1989.
The appellants responded to the Board's notices by certified letter, contending that such notices were defective. The Board replied, taking the position that the May *Page 501 
13, 1989, notices were proper. Furthermore, it recognized that, if such notices were improper, the time for filing a direct appeal to the Alabama State Tenure Commission (Commission) had elapsed. Nevertheless, the Board offered to conduct a hearing to be held on June 16, 1989. The appellants were further informed that appearance at the hearing would constitute a waiver of their objection to the alleged impropriety of the May 13, 1989, notices.
Rather than agree to such a hearing, the appellants instead attempted to file a direct appeal with the Commission, alleging the defectiveness of the Board's notices of transfer. This appeal, however, was not filed until June 15, 1989. The Board then conducted a hearing on June 16, at which the appellants did not appear, and the Board voted to effect the transfers. It then filed a motion to dismiss the appellants' appeal as being untimely filed. The Commission granted this motion.
Subsequently, on September 23, 1989, the appellants filed a petition for writ of mandamus in the circuit court, seeking to have the Commission's order dismissing the appeal vacated. The Commission then filed a motion to dismiss the petition, which was granted by the circuit court on November 8, 1989. This appeal followed. We affirm.
Section 16-24-5, Ala. Code 1975 (1987 Repl.Vol.), mandates that, in order to effect a proper transfer of a tenured teacher, notice of such an intent must be given in writing by the employing board. Here the appellants contend that the letters sent by the Board and dated May 13, 1989, were not notices of an intent to transfer the appellants, but rather notices of already completed transfers and were, thus, defective.
Assuming arguendo that the appellants' proposition is correct, we find the case of Alabama State Tenure Commission v.Board of School Commissioners, 332 So.2d 724 (Ala.Civ.App.),cert. denied, 332 So.2d 732 (Ala. 1976), to be dispositive. In that case, this court ruled that, where a Board sends out an illegal notice of transfer, a direct appeal lies to the Commission pursuant to § 16-24-7, Ala. Code 1975 (1987 Repl.Vol.). Id. at 729. That section provides:
 "A teacher on continuing service status shall have the right to appeal within 15 days after the decision of the employing board to the state tenure commission, as hereinafter established, to obtain a decision by the commission as to whether such action was in compliance with this chapter and whether such action was taken for political or personal reasons and that such action was not arbitrarily unjust. If said appeal is not taken within 15 days after the decision of the board, the board's decision shall be final."
Here the appellants did not appeal the Board's decision until June 15, 1989, although each had received notice of transfer no later than May 23, 1989. Consequently, the appeal was not filed within the fifteen-day time limit mandated by § 16-24-7, and the Commission was left with no alternative other than to dismiss.
We note that the appellants incorrectly assert that their appeal was filed pursuant to § 16-24-37, and not § 16-24-7. The former section provides that a direct appeal may be taken when a teacher is denied his or her request for a hearing before the Board. See Bramlett v. Alabama State Tenure Commission,341 So.2d 727 (Ala.Civ.App. 1977). Here, no such denial was made. In fact, the Board offered to conduct a hearing regarding the transfers despite the fact that the appellants made no such request and in recognition of the fact that the appellants had not timely appealed to the Commission.
Consequently, we pretermit a discussion of the appellants' remaining issue as unnecessary.
This case is due to be affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur. *Page 502