L. CHARLES WRIGHT, Retired Appellate Judge.
Frances Strong, a tenured teacher employed by the Demopolis City Board of Education (Board), received written notice on May 24, 1990 informing her that the Board had voted to assign her to three periods of physical education and three periods of science, effective for the 1990-91 school year. She had previously taught six periods of physical education.
Strong apparently met with the superintendent of education and informed him that she considered the assignment to constitute a “transfer” and that she would not accept it. The superintendent, by written document, informed Strong that in his opinion the action of the Board constituted a simple assignment and not a “transfer.” He suggested, nevertheless, that Strong make a written request to the Board for the Board to hear her objections.
*274 Strong did not request a hearing with the Board; instead, she filed a direct appeal to the Alabama State Tenure Commission (Commission). The Commission, assuming a transfer for the purposes of addressing the jurisdictional issue, found that it lacked jurisdiction to entertain the appeal because Strong had failed to request the prerequisite hearing with the Board. The Commission dismissed the appeal.
Strong filed a petition for writ of mandamus in the Circuit Court of Marengo County seeking to compel the reversal of the Commission’s order dismissing her appeal. The Commission filed a motion to dismiss the petition based on its previous order. The motion was granted. Strong appeals.
Tenured teachers may not be transferred from one position, school, or grade to another except by written notice, and such transfer may not be for political or personal reasons. § 16-24-5, Code 1975. The tenured teacher has the right to contest a transfer by filing within fifteen days from receipt of the notice a written demand for a hearing with the employing board. § 16-24-6. If an adverse decision is rendered by the employing board, the tenured teacher has the right to appeal to the State Tenure Commission. § 16-24-7. If the teacher is denied a hearing by the employing board or if the notice of transfer is defective, the teacher may appeal directly to the State Tenure Commission. Johnson v. Alabama State Tenure Comm’n, 566 So.2d 500 (Ala.Civ.App.1990); §§ 16-24-7, -37, Code 1975.
In this instance Strong directly appealed to the Commission pursuant to § 16-24-37, alleging that she had been denied the opportunity for a hearing with the employing board. The record, however, indicates that she never made a written request to that body for a hearing.
Strong suggests that she was in a precarious situation: If she requested a hearing by the employing board, she would waive a defective notice of transfer. Strong’s assertion is without merit. Her defective notice argument did not surface until she filed her petition for writ of mandamus. It was not the basis on which the direct appeal was taken; nor was it ever mentioned in that appeal.
The Commission’s determination that it lacked jurisdiction to entertain Strong’s appeal due to her failure to request a § 16-24-6 hearing is supported by the record and the applicable statutory law. §§ 16-24-5 through -7. The trial court’s order dismissing the petition for writ of mandamus is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.