YATES, Judge.
Cora Price Coley appeals from a summary judgment in favor of the Alabama State Tenure Commission. We affirm.
Our scope of appellate review in a case such as this—an appeal from an order entered by the circuit court on appeal from an order by the State Tenure Commission—is the same as that of the circuit court. Alabama State Tenure Comm’n v. Conecuh County Bd. of Educ., 495 So.2d 1105 (Ala.Civ.App.1985), cert. quashed, 495 So.2d 1108 (Ala.1986). The Commission’s decision will be upheld unless procedural requirements were not properly complied with or unless its decision is so contrary to the weight and preponderance of the evidence as to be unjust. County Bd. of Educ. of Shelby County v. Alabama State Tenure Comm’n, 392 So.2d 842 (Ala.Civ. App.1980), cert. denied, 392 So.2d 844 (Ala.1981).
Coley had been employed by the Birmingham Board of Education for 31 years as a physical-education teacher, when she was appointed acting assistant principal at Carver High School for the 1996-97 school year. On October 14, 1997, Coley was notified by letter that her services as acting principal would end and that she would resume her work in her previous teaching position.
On December 8, 1997, Coley requested a hearing before the Board regarding her reassignment. The Board did not respond. On January 7, 1998, Coley filed an appeal with the State Tenure Commission, challenging her reassignment. On March 4, 1998, the Commission dismissed Coley’s appeal, on the basis that she had failed to timely file her appeal with the Commission.
On April 2, 1998, Coley filed in the Jefferson County Circuit Court a petition for a writ of mandamus, pursuant to § 16-24-38, Ala.Code 1975, seeking a judicial review of the decision of the Commission. The Board and the Commission moved for a summary judgment, and their motion was granted.
We note that a tenured teacher promoted to principal or supervisor is entitled to all hearing rights under § 16-24-6 and § 16-24-7, when given notice of a transfer. Smith v. Alabama State Tenure Comm’n, 430 So.2d 877 (Ala.Civ.App.1982), aff'd, 430 So.2d 880 (Ala.1983).
The Teacher Tenure Act establishes specific deadlines for the teacher to request a hearing on a transfer:
“After receiving notice of the employing board’s intention to effect a transfer, the teacher receiving such notice may obtain a hearing before the employing board by filing a written demand for such hearing within 15 days after the receipt of such notice. If the teacher does not file such demand within 15 days after receipt of the notice to transfer, then the transfer shall be final.”
§ 16-24-6, Ala.Code 1975.
Section 16-24-7 and 16-24-37 concern appeals to the State Tenure Commission. Section 16-24-7 provides, in pertinent part:
“A teacher on continuing service status shall have the right to appeal within 15 days after the decision of the employing board to the State Tenure Commission, as hereinafter established, to obtain a decision by the commission as to whether such action was in compliance with this chapter and whether such action was taken for political or personal reasons and that such action was not arbitrarily unjust. If said appeal is not taken within 15 days after the decision of the board, the board’s decision shall be final.”
Section 16-24-37 provides, in pertinent part:
“A teacher who has attained continuing service status and has been denied a *848 hearing before the local board of education as required by Section 16-24-6 or 16-24-9 shall have the right to appeal directly to the State Tenure Commission for relief. The appeal shall state facts sufficient to allow the commission to determine tentatively whether or not the local board of education has complied with the provisions of Section 16-24-6 or 16-24-9. The local board may answer or deny in writing the facts set out in the ... appeal and, if it fails to so deny, the facts set out in the appeal must be taken as true. The commission shall review the teacher’s request and the local board’s answer or denial and shall determine, with or without hearing, whether or not the local board of education has complied with the provisions of Section 16-24-6 or 15-24-9, whichever is involved.”
It is undisputed that Coley received notice of the transfer on October 14, 1997. She did hot request a hearing until December 8, 1997 — 55 days after her transfer notice. She then appealed to the Commission, which dismissed her appeal as untimely.
Coley admits that neither her request for a hearing nor her appeal to the Commission was timely. However, she argues that the Board should have notified her before the beginning of the succeeding school year in order to have a valid transfer under § 16-24-5, and that, therefore, the Board’s October 14, 1997, notice of the transfer was untimely. See Estill v. Alabama State Tenure Comm’n, 650 So.2d 890 (Ala.Civ.App.1994) (under § 16-24-5, allowing transfer of teacher for succeeding year to another position, grade, or school by giving written notice of intent to transfer, notice must be given before beginning of the succeeding school year).
The Commission argues that it cannot address the question whether Coley’s notice was improper, because Coley failed to timely appeal. The Commission cites Bramlett v. Alabama State Tenure Comm’n, 341 So.2d 727 (Ala.Civ.App.1977), and Johnson v. Alabama State Tenure Comm’n, 566 So.2d 500 (Ala.Civ.App.1990), in support of its position.
Bramlett involved a teacher who had been notified of a transfer under the statutory predecessor to the Teacher Tenure Act; that predecessor statute provided the same time limits as the current Act. The teacher was notified on August 22, 1975, of a transfer. She made a written demand on August 26, 1975, for a hearing with the employing board — within the 15 days provided for filing the request for a hearing. No hearing was granted by the board within 15 days after receipt of the request. The teacher did not file her appeal to the Commission until after November 25, 1975. This court construed the provisions of the Teacher Tenure Act to mean that appeal must be filed directly with the Commission within 15 days after the 15 days for granting the requested hearing have expired without a response from the employing board, i.e., 30 days after the employing board received the request for a hearing.
In Johnson, 566 So.2d 500, we held that where the teacher made an untimely appeal to the Commission from an order of the school board entered without the teacher’s having been given proper notice, the Commission was left with no alternative to dismissing the appeal. In Johnson, the teacher received notice of a transfer on May 23, 1989. The teacher sent a certified letter to the board contending that the notice was defective. The board replied, taking the position that the notice was proper. The board recognized that the time for filing a direct appeal to the Commission had elapsed; however, the board offered to conduct a hearing. The board notified the teacher that her appearance at the hearing would waive her objection to the allegedly defective notice.
Rather than agree to such a hearing, the teacher in Johnson filed an appeal with the Commission on June 15, 1989. The board conducted a hearing on June 16; the teacher did not appear at the hearing, and the board affirmed the transfer. The board then filed a motion with the Com *849 mission to dismiss the appeal as untimely, and the Commission granted that motion.
We held in Johnson that the teacher’s appeal to the Commission was untimely because it had not been filed within the 15-day limit mandated by § 16-24-7. We specifically noted that the teacher’s appeal was not filed pursuant to § 16-24-37, because that section provides that a direct appeal may be taken when a teacher is denied his or her request for a hearing before the board. In Johnson, the teacher did not request a hearing with the board.
We agree with the Commission that Coley failed to timely appeal her transfer. If a teacher is denied a hearing by the employing board, the teacher may appeal directly to the Commission pursuant to § 16-24-37. The appeal must be filed within 30 days of the date the written demand for a hearing was filed with the board (i.e., within 45 days of the date the teacher received the transfer notice). §§ 16-24-6, 16-24-7, and 16-24-37; Bramlett. Further, inherent in the deadline of § 16-24-37 regarding an appeal to the Commission is that the teacher timely requested a hearing before the employing school board and was denied such a hearing. Johnson; Bramlett.
Coley failed to timely request a hearing before the Board and failed to timely appeal to the Commission. Therefore, we affirm the judgment of the circuit court.
AFFIRMED.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur.