CRAWLEY, Judge.
Jamie Jones appeals from the trial court’s denial of her petition for a writ of mandamus, which left a decision of the State Tenure Commission, approving her transfer, undisturbed. We reverse and remand.
On May 21, 2001, Jones, a guidance counselor at Theodore High School, received a hand-delivered letter from the superintendent of the Mobile County Public School System (hereinafter referred to as “the school system”) giving her notice that she had been recommended for a *63 transfer. The letter stated that the Board of School Commissioners (hereinafter referred to as “the school board”) had approved a proposed change in her assignment on May 17, 2001, and that she had 15 days to file a written demand for a hearing if she chose to contest her proposed transfer. On May 29, 2001, the school system received written notice that Jones wished to contest her proposed transfer.
On June 2, 2001, Jones received a letter from the school system stating that the school board would conduct a hearing on her proposed transfer on June 12, 2001. The letter set out the witnesses the school system expected to call at the hearing and attached documentation that was expected to be offered into evidence.[1] On June 11, 2001, the day before the scheduled hearing, counsel for the school system sent a facsimile transmission to Jones’s counsel; that facsimile stated:
“As we discussed on Friday, Mrs. Jones’ transfer hearing is set for Tuesday, June 12, 2001, at 4:00 p.m. The reason for the proposed transfer is ‘other good and just causes.’
“At the hearing I expect to call as a witness, Dr. Harold Dodge to testify to his recommendation for the transfer and to the [school board’s] action on that recommendation. Also, Mr. Larry Henderson, principal at Theodore High School, is expected to testify that in his opinion [ (1) ] the school would function more smoothly and efficiently without Mrs. Jones; [ (2) ] that she is disruptive among the faculty; [ (3) ] that she does not get along well with her co-workers; [ (Jf) ] that he is aware of one occasion when she left the campus during school hours and purchased beer at a nearby drug store; and [(5) ] that it ivould be in the best interest of the faculty at Theodore if Mrs. Jones ivere to be transferred.”
On June 12, 2001, the school board conducted a hearing and accepted the school system’s recommendation that Jones be transferred.
On June 22, 2001, Jones filed a notice of appeal to the State Tenure Commission, pursuant to § 16-24-7, Ala.Code 1975. On August 30, 2001, after conducting a hearing on Jones’s appeal, the State Tenure Commission affirmed the school board’s decision. On September 19, 2001, Jones filed a petition for a writ of mandamus with the trial court. Jones set out the basis for her petition, in pertinent part, as follows:
“9. The Tenure Commission’s decision to sustain the [s]chool [b]oard’s decision to transfer [Jones] was unjust and was not in compliance with the Alabama State Tenure Law in the following respects. Section 16-24-7 of the Tenure Law provides that ‘the action of the State Tenure Commission ... shall be based on the record of the proceedings before the said board and the evidence as recorded at such hearing.’ The Tenure Commission ignored the evidence which reasonably and substantially es *64 tablished that the [s]chool [b]oard failed to carry its burden to produce evidence to support the alleged reasons for transferring Jamie Jones. Instead, the Commission rendered a decision against the preponderance and the overwhelming weight of the evidence....”
On March 4, 2002, the trial court entered an order denying Jones’s petition for a writ of mandamus; that order stated, in pertinent part:
“On January 4, 2002, the court heard oral argument by attorneys for [Jones] and [the State Tenure Commission] and has now reviewed briefs submitted by the parties, as well as the record of proceedings before the [school board] and its review by the State Tenure Commission. After careful consideration of the said records, the briefs and argument of counsel, the court finds that the action of the State Tenure Commission in reviewing the ordered transfer of petitioner was in compliance with the provisions of law, including specifically Chapter 24 of Title 16, Code of Alabama 1975, and that such action was not unjust.”
On April 15, 2002, Jones filed a notice of appeal to this court.
On appeal, Jones contends (1) that the school system failed to produce sufficient proof of the reasons it provided as grounds supporting her transfer, and (2) that the transfer should otherwise be rejected because, she says, (a) the school system’s position was based on hearsay evidence; (b) the transfer decision was based on political and personal reasons; and (c) the school board did not allow her to present testimony regarding the political and personal reasons for her transfer.
This court has stated the applicable standard of review as follows:
“Our scope of appellate review in a case such as this — an appeal from an order entered by the circuit court on appeal from an order by the State Tenure Commission — is the same as that of the circuit court. Alabama State Tenure Comm’n v. Conecuh County Bd. of Educ., 495 So.2d 1105 (Ala.Civ.App. 1985), cert. quashed, 495 So.2d 1108 (Ala.1986). The Commission’s decision will be upheld unless procedural requirements were not properly complied with or unless its decision is so contrary to the weight and preponderance of the evidence as to be unjust. County Bd. of Educ. of Shelby County v. Alabama State Tenure Comm’n, 892 So.2d 842 (Ala.Civ.App.1980), cert. denied, 392 So.2d 844 (Ala.1981).”
Coley v. Alabama State Tenure Comm’n, 766 So.2d 846, 847 (Ala.Civ.App.1999). Our supreme court has also observed:
“Because the Commission has the power to retry the case on the record and to reach its own conclusions of fact, Sumter County Bd. of Educ. v. Alabama State Tenure Comm’n, 352 So.2d 1133, 1135 (Ala.Civ.App.), aff'd as modified, 352 So.2d 1137 (Ala.1977), once the Commission makes a finding from the record, an appellate court must presume the Commission’s decision to be correct and overturn the decision only if it finds overwhelming evidence contrary to the decision.”
Ex parte Alabama State Tenure Comm’n, 595 So.2d 479, 481 (Ala.1991).
The specific ground provided by the school system as support for Jones’s transfer was “other good and just causes,” specifically including the school principal’s opinion that
“[ (1) ] the school would function more smoothly and efficiently without Mrs. Jones; [ (2) ] that she is disruptive among the faculty; [ (3) ] that she does not get along well with her co-workers; *65 [ (4) ] that he is aware of one occasion when she left the campus during school hours and purchased beer at a nearby drug store; and [ (5) ] that it would be in the best interest of the faculty at Theodore if Mrs. Jones were to be transferred.”
During the hearing before the school board, Larry Henderson, the principal of Theodore High School, testified during his direct testimony, in pertinent part, as follows. Jeanie Curtis, also a guidance counselor, told him that she had observed Jones purchasing beer at a Rite Aid pharmacy during school hours. When Curtis observed her buying beer, Jones was signed out. When Curtis returned to the school’s campus, she reported what she had seen to Henderson. After he received this information, he asked for an investigation, and resource officers were assigned to investigate. After Curtis and Jones had returned to the school’s campus, Curtis also told him:
“Ms. Jones had came to her office, closed the door and told her that she didn’t know who she was messing with; that Ms. Jones said that she would get Ms. Curtis for it.”
He asked Curtis if she wanted to press charges against Jones, and she said that she did not.[2]
Henderson had had no problems with Jones’s having confrontations with other faculty, and the school employees’ handbook did not prohibit Jones from leaving the school’s campus during school hours. While Henderson gave his opinion that he believed that Jones had an attitude problem that caused her working relationship with others to be less effective than it might otherwise be, he stated that no faculty member had complained to him about an inability to get along with Jones.[3]
On cross-examination by Jones’s counsel, Henderson testified that Curtis had retired at the end of the school year, and he agreed that she and Jones would no longer be working together. He also stated that there was no policy against a faculty member’s purchasing- beer when the faculty member was signed out from the school during school hours. The school board inquired whether there was a policy against bringing alcohol onto the school’s campus; Henderson stated there was. However, counsel for Jones confirmed that Henderson had never contended that she had brought alcohol onto campus.
A former faculty member and a current faculty member of Theodore High School also testified at the hearing. Both testified that they had not witnessed any incidents between Jones and other faculty or heard her make threats to any other faculty. Both stated that she was not disruptive and that she was professional and friendly. Jones also testified that she did not think that she was disruptive.
In Tipton v. Board of Education of Blount County, 276 Ala. 571, 575, 165 So.2d 120, 124 (1964), our supreme court reversed a decision to cancel a teacher’s contract concluding that “some of the evidence was too remote, while the remainder was insufficient, both in law and fact, to justify the action that was taken; and that none of the charges were proven by reasonable and substantial testimony. The evidence was vague, general, inconclusive, flimsy, and much of it conclusions and hearsay.” After a review of the evidence *66 presented at the hearing we conclude, mindful of the presumption in favor of the State Tenure Commission’s decision, that the evidence presented by the school system was similarly insufficient to justify Jones’s transfer.
Henderson’s testimony failed to sufficiently prove that the school would function more smoothly and efficiently without Jones; that she was disruptive among the faculty; that she did not get along well with her co-workers; or that it was in the best interest of the faculty at Theodore if she was transferred. His testimony was based in large part on a single, isolated incident based upon what was reported to him by Curtis, who was not present at the hearing, and who would not be counseling at the school the following year. He could not state that any other faculty members had complained about Jones or that Jones had had confrontations with other faculty. Two other faculty members testified at the hearing that Jones was professional and not disruptive. Further, the offered ground for the transfer — that Henderson knew that Jones had left the school’s campus to purchase beer after signing out— was not a violation of school policy.
Accordingly, we reverse the judgment of the trial court and remand the cause for the trial court to enter an order reversing the State Tenure Commission’s decision.
REVERSED AND REMANDED.
YATES, P.J., and THOMPSON, J., concur.
PITTMAN and MURDOCK, JJ., dissent.

. The letter also stated:
“Your proposed reassignment and the reasons for the proposed transfer of assignment were provided to you in the First Notice, provided in accordance with Code of Ala. 1975, § 16-24-5 and hand-delivered to you. A copy of that notice is attached hereto and incorporated by reference. Reasons for the proposed transfer were provided in the earlier § 16-24-5 notice rather tilan delayed until now in an effort to provide you with as much information about the proposed transfer as possible, to enable you to make a more informed decision regarding the proposed reassignment.”
However, a review of the “First Notice,” the hand-delivered letter Jones received on May 21, 2001, shows that no reasons were provided in that letter to support the proposed transfer.

. Curtis had declined to testify and was not present at the hearing.

. Henderson also stated other problems he had with Jones, such as tardiness and an inability to use time efficiently. However, these problems were not stated as grounds in support of the transfer and Jones's counsel objected to this testimony on that ground.